THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISAAC E. BAKER, Defendant-Appellant.

Fourth District    No. 4—02—0200

Opinion filed August 22, 2003.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Frank McCartney, State's Attorney, of Pittsfield (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

In August 1999, defendant, Isaac E. Baker, pleaded guilty to criminal damage to government-supported property not in excess of $500 (720 ILCS 5/21—4(1)(a) (West 1998)), and the trial court sentenced him to 24 months' probation. In August 2000, the State petitioned to revoke probation due to defendant's failure to report to his probation officer. Following his January 2002 admission to the charge, the trial court in February 2002 resentenced defendant to three years' imprisonment and ordered defendant to complete a TASC (Treatment Alternatives for Special Clients) program as part of his mandatory supervised release (MSR).

Defendant appeals, contending the trial court was without authority to order defendant to complete TASC treatment as part of his MSR because that power is granted exclusively to the Prisoner Review Board. The State concedes the error, and we agree.

Treatment for alcoholism or drug addiction may be ordered as a condition of MSR (20 ILCS 301/45—15 (West 2002); 730 ILCS 5/3—3—7(b)(2) (West 2002)), but only the members of the Prisoner Review Board are empowered by statute to determine which conditions will be imposed as part of MSR (730 ILCS 5/3—3—7(a), 3—3—1(a)(5) (West 2002)). Since the trial court lacked the authority to impose this condition as a part of its sentence of imprisonment following revocation of probation, we vacate that portion of the sentence. Since defendant raises no other challenge on appeal, the remainder of his sentence is affirmed.

Affirmed in part and vacated in part.

KNECHT and STEIGMANN, JJ., concur.